IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

DONNIE MUSSER, *an individual*, and ZOE
MUSSER, *an individual*,

        Plaintiffs,

      v.

JACKSON COUNTY, *a political subdivision of the
State of Oregon*, ALICA BROWN, *an individual*, and
SHELLY EICH, *an individual*,

        Defendants.

Case No. 1:23-cv-01607-CL

**OPINION AND ORDER**

---

CLARKE, Magistrate Judge.

    Plaintiffs allege claims against Jackson County and two individual Jackson County

officials, Alicia Brown and Shelly Eich, arising out of a citation given to Plaintiffs by Jackson

County Code Enforcement. Plaintiffs bring claims for wrongful use of civil proceedings, and for

a violation of their due process rights under the Fourteenth Amendment of the United States

Constitution. Full consent to magistrate jurisdiction was entered on January 23, 2024 (#17). The

Defendants move to dismiss Plaintiffs' Complaint. For the reasons below, the motion to dismiss

(#4) is GRANTED.

## BACKGROUND

As alleged in Plaintiffs' Complaint ("Compl.") (ECF #1), Plaintiffs entered into a written lease with a tenant in November, 2020, to lease the Property for purposes of growing industrial hemp. ¶ 7. On April 15, 2021, Defendant Shelley Eich, a code enforcement officer for Defendant Jackson County ("the County"), conducted an investigation of greenhouses on the Property that had been erected by Plaintiff's tenant. ¶ 8. A case was initiated in the County's records, alleging unpermitted structures, but the case was eventually closed. *Id.*

On February 4, 2022, Defendant Eich issued citation number 439-22-00062-COD to Plaintiffs. ¶ 9. The citation alleged that Plaintiffs violated Jackson County Code 1420.4 by failing to obtain agricultural exemptions or structural permits for twenty greenhouse structures and failing to obtain electrical permits for the same twenty greenhouses. *Id.* The citation sought a total fine of $40,000. *Id.* A hearing was held on May 31, 2022, before an Administrative Hearings Officer of Jackson County. Plaintiffs appeared at the hearing and defended the case through their privately retained counsel. At the hearing, Defendant Eich testified that the greenhouses at issue were erected for the purpose of growing crops therein, and that the greenhouses were served by consumer electrical products such as gas-powered generators, extension cords, and string lights, which, according to her testimony, all required electrical permits. ¶ 10. On June 24, 2022, an Order with Findings of Fact and Conclusions of Law was issued that included a money judgment against Plaintiffs in the amount of $40,000, sustaining each of the alleged violations. ¶ 11.

On July 12, 2022, Plaintiffs timely filed a petition for writ of review of the Order in Jackson County Circuit Court, seeking to reverse or remand the Order. ¶ 12. The Jackson County Circuit Court heard oral argument on the petition on April 10, 2022, and entered an Order and

Judgment and Money Award, reversing the prior Order in favor of the Plaintiffs on July 13,

2023. ¶ 16. The Judgment reversed the prior Order's finding of 20 violations of JCC 1420.4 for

failure to obtain building permits for the greenhouses and remanded the finding of 20 violations

for failure to obtain electrical permits for further proceedings within 30 days. Pursuant to the

terms of the Judgment, any further proceedings as to the electrical permit violations were to be

deemed dismissed with prejudice if not commenced within 30 days of remand. No further

proceedings were initiated, and these claims were deemed dismissed. ¶ 16.

## RELEVANT STATUTES AND CODES

The language of the Oregon Statutes and Jackson County code provisions at issue in this

case are given here, in relevant part.

> It shall be a violation of this section for any person to build,
> construct, maintain, enlarge, alter, repair, move, change the
> character use of a building or structure regulated by the State
> Building Code, or cause any such work to be done, or to install any
> electrical, gas, mechanical, or plumbing systems regulated by the
> State Building Code or to occupy any premises, including dwellings,
> or other buildings or structures, unless all permits required for such
> premises under any prevailing law have been obtained and are in
> force and, if required, a certificate of occupancy has been obtained.

Jackson County Codified Ordinance ("JCCO") 1420.04. Def. MSJ Ex. 3 (ECF #5-3).

Oregon state law allows exemption from the requirement for a building permit and

inspections under the Oregon State Structural Specialty Code when the proposed building meets

agricultural-building requirements: "'Agricultural building' means a structure located on a farm

and used in the operation of the farm for: (A) Storage, maintenance, or repair of farm machinery

and equipment; [or] (B) The raising, harvesting and selling of crops." ORS 455.315(2)(a)(A-B).

The Oregon Department of Consumer and Business Services ("DCBS"), Building Codes

Division, has offered an analysis of this agricultural exception through a Statewide Statutory

Interpretation. Def. MSJ Ex. 1, p. 8-9. The Statewide Statutory Interpretation states that "the determination of what constitutes a farm or forest operation is vested with the local planning department in conjunction with adopted zoning ordinances."

In Jackson County, the local planning department determines what constitutes a farm operation for purposes of an agricultural exemption in conjunction with the County's Land Development Ordinances ("LDO").[1] LDO Table 4.2-1(2) defines uses for Exclusive Farm Use (EFU); it allows "buildings, other than dwellings, customarily provided in conjunction with farm use," as a "Type 1 use" under the EFU. The LDO also provides for a Type 1 use authorization process in when a property is being evaluated for purposes of an agricultural exemption:

> Zoning Information Sheets... are used to: (1) provide information regarding the status of development; (2) ensure compliance with all standards and procedures of this Ordinance; and, (3) to authorize Type 1 uses.

LDO 3.1.1(C). The LDO also provides that:

> Type 1 uses are authorized by right, requiring only non-discretionary staff review to demonstrate compliance with the standards of this Ordinance. A Zoning Information Sheet may be issued to document findings or to track progress toward compliance.

LDO 3.1.2.

A Jackson County Memo from the Code Enforcement Division Manager, Defendant Alicia Brown, to the Code Enforcement Officers on October 28, 2021, with subject line, "ZIS requirements pursuant to LDO Ch. 3.1.1(C)," confirms this process for agricultural exemptions:

> Jackson County Planning Department currently requires a Zoning Information Sheet (ZIS) for Type 1 uses as outlines in LDO ch. 3.1.1(C). When the Planning Department receives a request for an agriculturally exempt structure, staff create an individual ZIS for each structure... The applicant is required to pay an individual ZIS fee for each structure for which they are requesting certification.

---

[1] The current version of Jackson County's LDO can be found at https://www.jacksoncountyor.gov/departments/development_services/planning/land_development_ordinance.php.

> This process is currently only conducted through a formal appointment process.... [For this reason] Code Enforcement shall likewise consider every unlicensed / unpermitted structure on a property to be an individual violation.

Def. MSJ Ex. 1 (ECF #5-1) p. 11.

Recently, the Oregon Land Use Board of Appeals evaluated Jackson County's process for authorizing a Type 1 use, or an agricultural exemption, under the LDO. *Medella Bison Ranch, LLC, v. Jackson County,* 2023 WL 2388666, at *6 (LUBA No. 2022-020, Feb 23, 2023). LUBA found that Jackson County's process of review for authorizing an agricultural exemption did not exceed its jurisdiction, as contemplated by the Oregon State Structural Specialty Code:

> the county's review process does not apply any additional criteria that supplement [the Oregon statute]. The county has not adopted or applied additional criteria to buildings customarily provided in conjunction with farm use.... the purpose of Type 1 review is to ensure that the proposed building is in fact a building customarily provided in conjunction with farm use and that the building will be constructed and used in compliance with other applicable regulations, such as floodplain and fire safety.

In sum, the County requires either a building permit or an authorized Type 1 use agricultural exemption when new structures are being built and JCCO 1420.04 applies.

## LEGAL STANDARD

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter that "state[s] a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the factual allegations allow the court to infer the defendant's liability based on the alleged conduct.

*Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The factual allegations must present more than "the mere possibility of misconduct." *Id.* at 678.

When considering a motion to dismiss, the Court must accept all allegations of material fact as true and construe those facts in the light most favorable to the non-movant. *Burgert v. Lokelani Bernice Pauahi Bishop Trust*, 200 F.3d 661, 663 (9th Cir. 2000). But the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. If the complaint is dismissed, leave to amend should be granted unless "the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

## DISCUSSION

Plaintiffs allege two claims for relief against the Defendants: 1) wrongful use of civil proceedings; and 2) violation of Plaintiffs' due process rights under the Fourteenth Amendment. The Defendants move to dismiss both claims for failing to adequately state a plausible claim for relief. The Court agrees. Plaintiffs' Complaint is dismissed.

### 1. Plaintiffs fail to state a claim for wrongful use of civil proceedings.

To state a claim for wrongful use of civil proceedings, a plaintiff must properly allege:

1. The commencement and prosecution by the defendant of a judicial proceeding against the plaintiff;
2. The termination of the proceeding in plaintiff's favor;
3. The absence of probable cause to prosecute the action;
4. The existence of malice, or as is sometimes stated, the existence of a primary purpose other than that of securing an adjudication of the claim; and
5. Damages.

*Vazquez v. Reeves,* 138 Or. App. 153, 156, 907 P.2d 254, 255 (1995) (quoting *Alvarez v. Retail Credit Ass'n,* 234 Or. 255, 259, 381 P.2d 499 (1963)). The first two elements are not at issue

here. The Defendants challenge the third and fourth elements as insufficiently pled: lack of probable cause, and malice.

### a. Plaintiffs fail to adequately plead that Officer Eich lacked probable cause to issue the citation.

Plaintiffs were cited by Officer Eich for two violations of JCCO 1420.04, alleging that Plaintiffs failed to obtain agricultural exemptions or structural permits for twenty greenhouse structures and failed to obtain electrical permits for the same twenty greenhouses. In a claim for wrongful use of civil proceedings, "'probable cause' means that the person initiating the underlying action 'reasonably believes' that there is a good chance of prevailing, viz., the person 'has that subjective belief and that belief is objectively reasonable." *Mohabeer v. Farmers Insurance Exchange*, 318 Or. App. 313, 318 (2022), (citing *Roop v. Parker Northwest Paving Co.*, 194 Or. App. 219, 237-38 (2004), *rev. den.,* 338 Or 374 (2005)). The standard for probable cause to bring a civil action is less stringent than that required to prosecute a criminal action. *Blandino v. Fischel*, 179 Or. App. 185, 190, 39 P.3d 258, rev. den., 334 Or. 492, 52 P.3d 1057 (2002); *see also* Restatement § 675 comment j (the question is not whether the litigant is correct in believing that the claim is tenable, but whether that belief is reasonable).[2]

Here, regarding probable cause, Plaintiffs allege:

> Defendants lacked probable cause to prosecute the action because Defendants lacked a reasonable basis to pursue the prior proceeding against Plaintiffs. Indeed, as to both issues that Defendants contended constituted a violation that Plaintiffs were responsible for, the Defendants knew or should have known that they lacked jurisdiction to require permits they contended in the action were required.

Compl. ¶ 22. The Court agrees that this allegation is conclusory and lacking in factual basis.

---

[2] Similarly, under JCCO Chapter 203.01(b), a code enforcement officer may issue a citation "for violations for which the officer has reasonable grounds that the conduct constitutes a violation."

Plaintiffs concede in the Complaint that greenhouses were indeed erected by their tenant on the Property, (Compl. ¶¶ 7-8), and they do not allege that permits were obtained for those structures, nor do they allege that exemptions were obtained through the County's agricultural exemption process. Therefore, while Plaintiffs may have had valid defenses or arguments regarding the legality of the structures that were built on the Property, they have not alleged that Officer Eich lacked a subjective belief that was objectively reasonable, that JCCO 1420.4 applied to the Property at the time of the citation. No facts are alleged at all to support the conclusion that the Defendants "lacked jurisdiction to require permits." Finally, while Plaintiffs allege that the judgment against them was reversed by the Jackson County Circuit Court, the Order and Judgment itself does not comment as to whether probable cause existed at the time the citations were issued. For these reasons, Plaintiffs' claim for wrongful use of civil proceedings fails.

### b.  Plaintiffs fail to adequately plead that Officer Eich issued the citation with malicious intent.

Because the Court has determined that Plaintiffs fail to properly allege a lack of probable cause, the claim for wrongful use of civil proceedings must be dismissed. However, for purposes of judicial efficiency, and in order to give notice to Plaintiffs, who may decide to amend their complaint, the Court will address the issue of malice as well.

"Malice," in the context of a wrongful-initiation claim, is "the existence of a primary purpose other than that of securing an adjudication of the claim." *Erlandson v. Pullen*, 45 Or. App. 467, 477 (1980). "The malice required in an action for malicious prosecution is not limited to actual hostility or ill will toward plaintiff but exists when the proceedings are instituted primarily for an improper purpose." *Albertson*, 46 Cal.2d at 382. Examples of an "improper purpose" are "(1) the person initiating the [proceedings] does not believe that his claim may be held valid; (2) the proceedings are begun primarily because of hostility or ill will; (3) the

proceedings are initiated solely for the purpose of depriving the person against whom they are initiated of a beneficial use of his property; [or] (4) the proceedings are initiated for the purpose of forcing a settlement which has no relation to the merits of the claim." *Id.* (quoting Restatement (Second) of Torts § 676, cmt. c).

Plaintiffs allege that malice exists in this case because the Defendants' "primary purpose was to punish Plaintiffs for renting their land to persons who grew a crop that their Board of Commissioners disapproved of, rather than in securing a just adjudication of the claim." Compl. ¶ 24. Plaintiffs point to three factual allegations purporting to support this claim: First, Defendant Eich testified that the greenhouses at issue were erected for the purpose of growing crops therein and that the greenhouses were served by consumer electrical products such as gas-powered generators, extension cords, and string lights, which, according to her sworn testimony, all required electrical permits. Compl. ¶ 10. Second, in a conversation on March 24, 2023, Plaintiff Donnie Musser asked the Director of Jackson County Development Services, Ted Zuk whether the use of gas-powered generators, extension cords, and string lights used to light the interior of hoop house used for the growing of crops would require an electrical permit. Compl. ¶ 13. Mr. Zuk stated that, as long as each of the products were UL listed equipment, an electrical permit is not required. *Id.* Third, Plaintiffs point to the County's "true motivation" in issuing the citation, which Plaintiffs claim is evidenced by a comment made by counsel, who stated at an oral argument hearing:

> The Board of Commissioners, a few years ago now, several... at least three years ago, issued guidance to my department [Jackson County Counsel's office] and to the Development Services and Code Enforcement Department - if we see violations occurring that are based on anything that has to with ... the growing of cannabis or industrial hemp, any of that, we are to issue fines even if the individuals come into compliance after they are cited.

Compl. ¶ 14.

Even if all three of these factual allegations are true, they fail to adequately allege malice sufficient for a wrongful-initiation claim. The first allegation shows that Eich had the subjective belief necessary for probable cause. The second allegation shows that there is some dispute within County offices regarding whether permits were necessary for the electrical modifications made on Plaintiffs' land, but it does not show that Defendant Eich herself had any particular understanding about whether electrical permits are required or not. There are no allegations that Eich did not believe the claims on the citation were valid, nor that she issued the citation for an improper purpose. Finally, the policy statement or directive by the Board of Commissioners, indicating that citations should be fully prosecuted, without leniency, does not factually support a claim of malice. The directive, as related by counsel, directs code officers to prosecute without leniency "violations [that are] occurring." The statement does not direct anyone to issue citations for conduct that is not a violation, or to issue citations without probable cause, or any other form of wrongful prosecution. Nothing in the JCCO requires the County to be lenient, nor to allow individuals to come into compliance and avoid prosecution.

Because Plaintiffs have not properly alleged malice or a lack of probable cause, the claim for wrongful use of civil proceedings fails. This claim is dismissed without prejudice. If Plaintiffs choose to file an amended complaint, care should be taken to state factual allegations that support both a lack of probable cause and a malicious intent.

### 2. Plaintiffs' due process claim fails to state a claim for relief.

Plaintiffs appear to assert two alternative claims under the broader umbrella of a due process violation: a void-for-vagueness claim and a substantive due process claim. Both claims fail to state a plausible claim for relief.

**a. The County rules are not impermissibly vague.**

"A statute can be impermissibly vague for either of two independent reasons. First, if it fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits. Second, if it authorizes or even encourages arbitrary and discriminatory enforcement." *Hill v. Colorado*, 530 U.S. 703, 732 (2000). In deciding whether a statute is unconstitutionally vague, the court must consider the regulations purporting to construe the statute in addition to the statute itself. *See United States Civil Serv. Comm'n v. Nat'l Ass'n of Letter Carriers*, 413 U.S. 548 (1973) (rejecting a challenge to a statute as unconstitutionally vague and overbroad after considering the statute and the regulations construing the statute).

Plaintiffs' Complaint states that Defendant Jackson County deprived the Plaintiffs of their right to have local legal rules "be defined with sufficient clarity such that people of reasonable intelligence will be able to discern what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." Compl. ¶ 27. Plaintiffs also assert that the directive by the Board of Commissioners to enforce citations against cannabis growers, "was not committed to writing in a manner that was accessible to the general public because it was issued as a statement of political policy rather than as an official policy in the form of a provision of Jackson County Code." *Id.*

The plain language of JCCO states that it is unlawful for a person to build, construct, maintain, enlarge, alter, repair, move, change the character use of a building or structure regulated by the State Building Code, or cause any such work to be done, or to install any electrical, gas, mechanical, or plumbing systems, without a permit. As discussed above, an agricultural exemption exists to this permitting rule, *see* ORS 455.315(2)(a), and receiving that exemption also requires a process. Def. MSJ Ex. 1 (ECF #5-1) p. 11. Requiring a process in

order to receive an agricultural exemption, on its own, does not make the JCCO permitting rules vague, nor does it encourage arbitrary or discriminatory enforcement, and Plaintiffs have not alleged facts to support such a conclusion.

Similarly, the County's policy, whether written or unwritten, of enforcing the permitting rules without allowing leniency does not make the rules vague or likely to be arbitrary because it does not change what is required under the rules to receive or avoid a citation. Based on the facts alleged, therefore, the rules are not void for vagueness and this claim is dismissed.

**b. The County's policy does not violate Plaintiff's substantive due process rights.**

In their Response to the summary judgment motion, Plaintiffs assert that they intend to bring a substantive due process claim: "as applied here, the County's policy had the effect of disregarding the statutory exemption for structural permits for agricultural buildings found in ORS 455.315 and disregarding the extent of the County's jurisdiction for its electrical permitting authority over ordinary consumer electrical equipment." The Court notes, first, that the Plaintiffs' Complaint does not mention ORS 455.315 a single time. Nevertheless, even if it did, the Court agrees with the Defendants that these allegations fail to state a substantive due process violation.

The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. "To state a prima facie substantive or procedural due process claim, one must, as a threshold matter, identify a liberty or property interest protected by the Constitution." *United States v. Guillen-Cervantes*, 748 F.3d 870, 872 (9th Cir. 2014). "Substantive due process protects individuals from arbitrary deprivation of their liberty by government." *Sylvia Landfield Tr. v. City of Los Angeles*, 729 F.3d 1189, 1195 (9th Cir. 2013). Only "the most egregious official

conduct can be said to be arbitrary in the constitutional sense.*" Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998) (internal quotation marks and citation omitted). "To constitute a violation of substantive due process, the alleged deprivation must shock the conscience and offend the community's sense of fair play and decency." *Sylvia Landfield*, 729 F.3d at 1195 (internal quotation marks and citation omitted). The Supreme Court has held "that the 'shock the conscience' standard is satisfied where the conduct was intended to injure in some way unjustifiable by any government interest or in some circumstances if it resulted from deliberate indifference." *Rosales-Mireles v. United States*, 585 U.S. 129, 138 (2018) (internal quotation marks and citation omitted).

However, "[g]overnment action that affects only economic interests does not implicate fundamental rights.*" Samson v. City of Bainbridge Island*, 683 F.3d 1051, 1058 (9th Cir. 2012). Where fundamental rights are not implicated, the government action is reviewed only for a rational basis. *Witt v. Dep't. of Air Force*, 527 F.3d 806, 817 (9th Cir. 2012). Where rational basis applies, "the Court determines whether government action is so arbitrary that a rational basis for the action cannot even be conceived post hoc." *Id.* Rational basis review is a "highly deferential" standard. *Flynn v. Holder*, 684 F.3d 852, 858 (9th Cir. 2012). "When executive action like a discrete permitting decision is at issue, only 'egregious official conduct can be said to be arbitrary in the constitutional sense': it must amount to an abuse of power lacking any 'reasonable justification in the service of a legitimate governmental objective.'" *Shanks*, 540 F.3d at 1088 (quoting *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998)). Even "[o]fficial decisions that rest on an erroneous legal interpretation are not necessarily constitutionally arbitrary." *Shanks*, 540 F.3d at 1089.

Here, Plaintiffs have not alleged any deprivation of a fundamental right, nor any damages other than economic damages. None of the facts alleged in the Complaint shock the conscience or offend the community's sense of fair play and decency. Moreover, the Court has already determined above that Plaintiffs fail to allege a lack of probable cause to issue the citation, thus eliminating any civils rights claims against Eich or Defendant Brown or the County. This claim must be dismissed.

## ORDER

For the foregoing reasons, the Defendant's Motion to Dismiss (#4) is granted. Plaintiff's Complaint is dismissed. Dismissal shall be without prejudice and with leave to file an amended complaint within thirty (30) days of this Order if the Plaintiffs are able to cure the deficiencies identified above.

DATED this ____9____ day of May, 2024.

MARK D. CLARKE
United States Magistrate Judge