Kevin J. Jacoby, OSB 063783
Jacoby Law, LLC
PO Box 33465
Portland, OR 97292
kevin@jacobylawllc.com
Telephone: (503) 208-4470
*Attorney for Plaintiffs*

UNITED STATES DISTICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| DONNIE MUSSER, an individual, and ZOIE MUSSER, an individual, <br><br>Plaintiffs, <br><br>v. <br><br>JACKSON COUNTY, a political subdivision of the State of Oregon, <br><br><br>Defendant. | Civil No. 1:23-cv-01607-CL <br><br>PLAINTIFFS' FIRST AMENDED COMPLAINT <br><br>Wrongful Use of Civil Proceedings <br><br>Prayer: $530,000 <br><br><br>Jury Trial Demanded |

For their Complaint against Defendant, Plaintiffs allege:

**PARTIES, JURISDICTION AND VENUE**

1.

Plaintiffs, Donnie Musser and Zoie Musser, are natural persons residing in Jackson County, Oregon. Plaintiffs are the owners of certain real property in Jackson County, Oregon described as Tax Lot 1109, Township 36 South, Range 1 West, Section 29D, consisting of 6.35 acres of farm land zoned Exclusive Farm Use ("EFU"), and more commonly described as 2825 Randall Avenue in Central Point, Oregon. The real property described herein is referred to below as the "Property."

/ / /

2.

Defendant Jackson County is a political subdivision of the State of Oregon, existing and formed under the laws thereof.

3.

This case was originally filed in Jackson County Circuit Court as Case No. 23CV39255 on September 26, 2023, and jurisdiction in that court was authorized because both Plaintiffs are citizens of the State of Oregon and all of the actions giving rise to this dispute occurred in the State of Oregon. On November 2, 2023, Defendant, including two other now-dismissed defendants, filed a Notice of Removal in this Court asserting jurisdiction pursuant to 28 U.S.C. § 1331, because the original complaint included a claim under 42 USC § 1983, which this Court dismissed on May 9, 2024. Plaintiffs herein do not reassert any claim arising under federal law in this amended complaint. To the extent this Court retains supplemental jurisdiction under 28 U.S.C. § 1367(a), it should decline to exercise such supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c) because the Court has dismissed Plaintiffs claim over which it had original jurisdiction, and Plaintiffs have declined to re-assert such claim in this amended complaint. Plaintiffs intend to, following conferral with Defendant, submit a motion to remand this case to the Jackson County Circuit Court.

## COMMON ALLEGATIONS

4.

In or around November 2020, Plaintiffs entered into a written lease with a tenant to lease the Property for purposes of growing industrial hemp in compliance with the federal 2018 Farm Bill, which generally legalized the production of industrial hemp, defined as cannabis having less than 0.3 percent delta-9 THC on a dry weight basis. In connection with Plaintiffs' tenant's use and occupancy of the Property, the tenants erected temporary hoop house structures using PVC piping as the supporting hoops and opaque plastic sheeting for the purposes of crop protection. Pursuant to ORS 455.315, such structures qualify as "agricultural buildings" because they are used for the raising and harvesting of crops, and when located on a "farm" and on a property that is suitable pursuant to local zoning code for agricultural use, are exempt from the Oregon State

Page 2 – PLAINTIFFS' FIRST AMENDED COMPLAINT

Specialty Code ("OSSC"), and in particular any requirement for submission of plans or permits to local building inspectors or planning departments.

5.

On or about April 15, 2021, Shelly Eich ("Eich"), a Code Enforcement employee of Defendant conducted an investigation of the hoop houses on the Property that had been erected by Plaintiffs' tenant. A case was thereafter initiated in Defendant Jackson County's records alleging unpermitted structures, but the case was later closed as unfounded.

6.

During her investigation on or about April 15, 2021, Eich gave Plaintiffs' tenant a written warning alleging a violation of Jackson County's Land Development Ordinance ("LDO") 1.8.1 and invited Plaintiffs' tenant to visit the Jackson County Planning Department to clear the violation. Notably, the written warning form also contained boxes for Eich to check indicating if she observed violations for failure to obtain a building permit and failure to obtain an electrical permit; however, Eich did not check those boxes. The form also included a box for Eich to write comments, and she wrote, in total, "LDO violation, no approval for hemp or marijuana production. On property with ODA." Eich did not include in her written comments on this form any allegation that Plaintiffs or their tenant were also in violation for failure to obtain structural or electrical permits. This omission, together with Eich's failure to check the boxes indicating a failure to obtain structural or electrical permits, that Eich did not believe on April 15, 2021 that such violations existed. Eich would later admit at an administrative hearing that while she is not required by code to issue a written warning, when in her discretion she decides to issue a written warning, her typical and customary practice was to issue a warning for every violation that she observed on the property at the time of her inspection, lending further support to the conclusion that Eich did not believe that any violations arising from a failure to obtain structural or electrical permits existed on April 15, 2021.

7.

Following this written warning, Plaintiffs' tenant, along with Plaintiff Donnie Musser, visited the Jackson County Planning Department for the purpose of clearing the LDO violation

Page 3 – PLAINTIFFS' FIRST AMENDED COMPLAINT

for which Plaintiff's tenant received the written warning from Eich. Jackson County Planning Department staff issued a Zoning Information Sheet with a record number 439-21-01092-ZON setting forth the process for clearing the LDO violation, and this Zoning Information Sheet indicated that agricultural exemptions for the greenhouses on the Property would be "forthcoming." The Zoning Information Sheet also included instructions for necessary paperwork for Plaintiffs' tenant to submit in order to clear the LDO violation.

8.

On or about May 5, 2021, Plaintiff's tenant returned to Jackson County Planning Department with the paperwork required by the April 19, 2021 Zoning Information Sheet. That same day, Jackson County Planning Department opened an application with the record number 439-21-01341-ZON-AGE (upon information and believe, the initials "AGE" means "agricultural exemption"), indicating that the Property had been approved for up to 5400 square feet of agricultural use structures as "Ag Exempt."

9.

On or about June 10, 2021, Defendant's Board of Commissioners issued a policy directive to Defendant's code enforcement officers that purported to require code enforcement officers to issue citations for "violations involving cannabis," including repeated assertions that "non-permitted structures" and "infrastructure related to cannabis production" are "violations," and that such citations must be heard by a hearings officer "regardless of compliance." In other words, several months *after* Eich inspected Plaintiffs' Property, Defendant adopted a policy directive that paid no heed to Oregon law, particularly ORS 455.315, that stated plainly that agricultural structures on farms, including greenhouses or hoop houses, are exempt from the general requirement for structures to have building permits.

10.

Following the above policy directive, and despite the case being previously closed as unfounded, and Plaintiffs' tenant applying for and receiving agricultural exemptions for the greenhouses on the Property, on or about February 4, 2022, Eich issued citation number 439-22-00063-COD to Plaintiffs. Defendant Eich signed the citation, and above her signature on the form,

Page 4 – PLAINTIFFS' FIRST AMENDED COMPLAINT

the citation read "I hereby certify, under penalties provided by ORS 153.990, that I have reasonable grounds to believe that the above person committed, or allowed to be committed, the above described offenses." Eich's certification was false at the time it was made, as she had no reasonable grounds to believe that the construction of greenhouses on EFU land required building permits or an approved agricultural exemption from Defendant, nor did she have reasonable grounds to believe that the consumer electrical equipment at issue required electrical permits. Nevertheless, Eich's citation alleged that Plaintiffs violated Jackson County Code ("JCC") 1420.4, which expressly incorporates the OSSC and Oregon Electrical Specialty Code, by failing to obtain agricultural exemptions or structural permits for twenty greenhouse structures and failing to obtain electrical permits for the same twenty greenhouses and seeking a total fine of $40,000.

11.

Also on or about February 4, 2022, Eich also issued citation number 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-COD to Plaintiffs alleging a violation of LDO 1.8.1 for failure to obtain land use verification for 20 greenhouse structures pursuant to LDO 3.1.1(C). Defendant eventually dismissed this citation after Plaintiffs pointed out that their tenant had cleared this violation within a few weeks after receiving Eich's written warning of said violation.

12.

A hearing was held on May 31, 2022 before the Administrative Hearings Office of Defendant Jackson County, to which Plaintiffs appeared and defended through their privately retained counsel. At the hearing, Defendant Eich testified that the greenhouses at issue were erected for the purpose of growing crops therein, and that the greenhouses were served by consumer electrical products such as gas-powered generators, extension cords, and string lights, which, according to her sworn testimony, all required electrical permits.

13.

On June 24, 2022, an Order with Findings of Fact and Conclusions of law was issued that included a money judgment against Plaintiffs in the amount of $40,000 (the "Order"), which sustained each of the alleged violations.

/ / /

Page 5 – PLAINTIFFS' FIRST AMENDED COMPLAINT

14.

On July 12, 2022, Plaintiffs timely filed a petition for writ of review of the Order pursuant to ORS 34.010 *et seq.* in Jackson County Circuit Court seeking to reverse or remand the Order due to legal errors. A true copy of Plaintiffs' petition for writ of review is attached hereto as Exhibit 1 and is incorporated herein by this reference.

15.

On March 24, 2023, Plaintiff Donnie Musser visited the Jackson County Development Services office and spoke with Building Permit Technician Serena Locke regarding a hypothetical project he was contemplating on his EFU land in Jackson County. He asked whether the use of gas-powered generators, extension cords, and string lights used to light the interior of hoop houses used for the growing of crops would require an electrical permit. Ms. Locke invited Ted Zuk, Director of Jackson County Development Services, to answer Plaintiff's question. In the ensuing conversation, Mr. Zuk stated that as long as each of the products were UL listed equipment, and electrical permit is not required. On March 28, 2023, Ms. Locke sent an email to Plaintiff confirming this conversation, stating that the use of such UL listed products was beyond Jackson County's electrical permitting jurisdiction. On March 30, 2023, Plaintiffs submitted this email as evidence to Jackson County Circuit Court as newly discovered evidence relevant to the writ of review proceeding.

16.

The Jackson County Circuit Court heard oral argument on Plaintiffs' petition for writ of review on April 10, 2023. At oral argument, counsel for Defendant revealed the true motivation of Defendants in issuing the citation to Plaintiffs as follows:

> "The Board of Commissioners, a few years ago now, several…at least three years ago, issued guidance to my department [Jackson County Counsel's office] and to the Development Services and Code Enforcement Department – if we see violations occurring that are based on any thing that has to with…the growing of cannabis or industrial hemp, any of that, we are to issue fines even if the individuals come into compliance after they are cited."

Page 6 – PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendant's counsel's argument referred to Defendant's Board of Commissioners' policy directive alleged in paragraph 9 above.

17.

Defendant Jackson County's argument at the April 10, 2023 hearing was consistent with the testimony of former Jackson County code enforcement officer Jason Zanni in a similarly situated administrative hearing, wherein Zanni admitted that in late spring of 2021, Jackson County Counsel's office directed code enforcement offers to inspect all cannabis-related complaints and issue citations against all greenhouse structures. Zanni further admitted that this direction included a directive not to "work with" the recipients of the citations to resolve any issues and not to settle or compromise for less than the maximum fine allowed under JCC - $1,000 per violation. The case that Zanni testified in was Jackson County v. Brody Nelson, 439-221-00559-COD, and resulted in the hearings officer concluding that building permits or "agricultural exemptions" were not required for the construction of greenhouses for the purpose of growing crops on EFU land in an order dated January 10, 2022. Further, the hearings officer concluded that greenhouses built for the intended purpose of growing industrial hemp met the definition of an "agricultural building" in ORS 455.315(1) and (2) and in Appendix C, Group U of the Oregon State Structural Specialty Code ("OSSC"). The hearings officer further found that OSSC, Appendix C, Group U, Section C2 101.1 stated that agricultural structures "are exempt from the OSCC 'including submission of plans and permits.'"

18.

Notably, Eich was involved in the Jackson County v. Brody Nelson case, and was aware of the hearings officer's conclusions with regard to the application of the OSSC, as incorporated by JCC 1420.4, to greenhouses intended for the use of growing industrial hemp. Eich also knew that pursuant to JCC 294.02, the hearings officer's determination of the application of JCC 1420.4, and particularly the conclusion that greenhouses built for the purpose of growing industrial hemp on EFU-zoned land was "the County's final determination of" the issue decided.

/ / /

/ / /

Page 7 – PLAINTIFFS' FIRST AMENDED COMPLAINT

19.

At the April 10, 2023 hearing before the Jackson County Circuit Court on Plaintiffs' writ of review of the Hearings Officer's June 24, 2022 Order, Defendant also argued that Statewide Statutory Interpretation No. 13-03 of the Oregon Department of Consumer and Business Services, Building Codes Division created a duty in landowners to seek approval from the Jackson County Planning Department prior to the agricultural exemption in ORS 455.315 becoming effective. However, the Jackson County Circuit Court rejected this argument, and held that ORS 455.315 was clear in its language and had no requirement that local pre-approval was required for the agricultural exemption to apply. The Jackson County Circuit Court further held that any process that Defendant had in place for dealing with agricultural exemptions that required pre-approval or submission of plans for review was inconsistent with ORS 455.315. Further, pursuant to ORS 455.040(1), no city or county shall enact or enforce any ordinance, rule or regulation relating to the same matters encompassed by the OSSC but which provides different requirements unless authorized by the Director for the Department of Consumer and Business Services, and Defendant has not sought or received authorization from said Director to require any pre-approval process for the application of the agricultural exemption set forth in ORS 455.315.

20.

On July 13, 2023, the Jackson County Circuit Court entered an Order and General Judgment and Money Award in favor of Plaintiffs. The judgment reversed the Order's finding of 20 violations of JCC 1420.4 for failure to obtain building permits or "approval" of agricultural exemptions for the greenhouses and remanded the finding of 20 violations of JCC 1420.4 for failure to obtain electrical permits for further proceedings within 30 days. Pursuant to the terms of the court's Order, any further proceedings as to the electrical permit violations on remand were to be deemed dismissed with prejudice if not commenced within 30 days upon remand. No further proceedings were initiated as required, and thus the matter was concluded in Plaintiffs' favor as to all issues on August 12, 2023. Defendant did not appeal the Jackson County Circuit Court's judgment.

/ / /

Page 8 – PLAINTIFFS' FIRST AMENDED COMPLAINT

21.

As a result of Defendant's actions against Plaintiffs as alleged above, Plaintiffs incurred damages in the form of attorney fees necessary to defend against Defendants' unfounded claims, in the amount of not more than $30,000, and emotional distress in the form of worry, loss of sleep, and stress of potentially having to pay a judgment of $40,000 or have their property liened and foreclosed upon if they could not pay, in an amount to be proved at trial but not more than $500,000.

22.

On December 20, 2022, Plaintiffs sent to Defendant Jackson County notice of their intent to pursue a claim for the facts alleged herein, pursuant to ORS 30.275.

## **CLAIM FOR RELIEF**

## **(Wrongful Use of Civil Proceedings)**

23.

Plaintiffs reallege paragraphs 1 through 22 above.

24.

At all material times, Eich was acting within the course and scope of her employment with Defendant, and Defendant is liable for the acts and omissions of Eich described above.

25.

Defendant commenced a civil proceeding against Plaintiffs, which began as an administrative proceeding of a judicial nature and proceeded to a judicial proceeding which terminated in Plaintiffs' favor.

26.

Defendant lacked probable cause to prosecute the action because Defendant lacked a reasonable belief, both subjectively and objectively, that it had a good chance of prevailing. Further, to the extent Defendant had any reasonable belief that it had a good chance of prevailing, that belief was not objectively reasonable. Indeed, as to both issues that Defendants contended constituted a violation that Plaintiffs were responsible for, the Defendants knew or should have known that they lacked jurisdiction to require electrical permits they contended in the action were

required, and that the alleged greenhouse structures were exempt from the requirement to obtain structural building permits, including submission of plans prior to building the greenhouse or hoop house structures. Defendant's lack of probable cause to prosecute the action is established by one or more of the following facts:

- A. By issuing a warning to Plaintiffs' tenant concerning an alleged violation of LDO 1.8.1 on or about April 15, 2021, but omitting to check the boxes alleging a violation relating to failure to obtain building permits or electrical permits and failing to write comments amounting to the same, Defendant's agent objectively manifested that she did not observe such violations on the Property on April 15, 2021.

- B. Defendant knew that on May 5, 2021, in connection with Plaintiffs' tenant clearing the alleged LDO 1.8.1 violation, Plaintiffs had applied for and obtained an approved agricultural exemption for the greenhouses or hoop houses on the Property. That Defendant withdrew citation no. 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-COD upon its realization that Plaintiffs' tenant had cleared the LDO 1.8.1 violation prior to issuance of the citation is further evidence that it knew it lacked probable cause to pursue that violation, and it should have also withdrawn citation no. 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-COD based on the same evidence.

- C. Defendant knew that Eich had initiated a case in Defendant's records alleging unpermitted structures, and that she had closed the case as "unfounded." Pursuant to Defendant's code enforcement policy and procedures, an "unfounded" determination means that no code violation is found after investigation.

- D. Defendant knew that on January 10, 2022, a hearings officer had concluded in a similarly-situated case that greenhouses constructed for the purpose of growing industrial hemp on EFU-zoned land was exempt from JCC 1420.4's building permit requirement, and that said exemption did not require any approval process or the submission of plans to the Planning Department. Defendant knew that pursuant to JCC 294.02, this hearings officer's conclusion was Defendant's final

Page 10 – PLAINTIFFS' FIRST AMENDED COMPLAINT

    determination of the issue, which necessarily superseded or rescinded any contrary conclusion or implication stated by the Board of Commissioners' June 10, 2021 policy directive.

E. Defendant knew that the use of consumer electrical products that are UL listed are outside of Defendant's jurisdiction to require electrical permits, yet Defendant did not investigate or inquire further as to whether the consumer electrical products Eich observed on the Property on April 15, 2021 were UL listed.

F. Defendant knew or should have known that it's agent's certification that she had reasonable grounds to believe that Plaintiffs committed or allowed to be committed the offenses alleged in citation no. 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-COD was false at the time it was made on February 4, 2022.

27.

Defendant acted with malice in its prosecution of the underlying action, in that its primary purpose was other than that of securing an adjudication of the claims expressed in citation no. 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-COD. Under Oregon law, Defendant's malice may be inferred from its lack of probable cause as alleged above. In addition, it is apparent that Defendant's primary purpose was not to secure an adjudication of the violations of JCC 1420.4 alleged in the citation, but rather was to prosecute, regardless of Plaintiffs' compliance with the law or innocence of the charges alleged, any conceivable argument of a violation because Plaintiffs rented their land to an industrial hemp farmer, a crop that Defendant's Board of Commissioners disapproved of. In other words, Defendant's intent was to use the administrative and civil code enforcement process as a club to punish Plaintiffs regardless of the ultimate outcome of the civil proceeding.

28.

As a result of Defendants' actions, Plaintiffs suffered damages in the amount of not more than $530,000.

29.

Plaintiffs reserve the right to amend this complaint to allege an entitlement to punitive damages as to this claim.

Page 11 – PLAINTIFFS' FIRST AMENDED COMPLAINT

## PRAYER

WHEREFORE, Plaintiffs pray for judgment in their favor against Defendant as follows:

I. On the Claim for Relief for Wrongful Use of Civil Proceedings:

   A. An award to be calculated at the time of trial not to exceed $530,000 to compensate Plaintiff for damages suffered.

   B. An award of Plaintiff's reasonable costs and disbursements; and

   C. Such further relief the court deems just and proper.

DATED this 10th day of June, 2024.                    **JACOBY LAW**

By: /s/ *Kevin J. Jacoby*
Kevin J. Jacoby, OSB 063783
PO Box 33465
Portland, OR 97292
kevin@jacobylawllc.com
Telephone: (503) 208-4470
*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on the date below, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the District of Oregon by using the CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

DATED this 10th day of June, 2024.

**JACOBY LAW**

By: /s/ *Angela Marie*
Paralegal to:
Kevin J. Jacoby, OSB 063783
PO Box 33465
Portland, OR 97292
Telephone: (503) 208-4470
angela@jacobylawllc.com

Page 13 – PLAINTIFFS' FIRST AMENDED COMPLAINT